FILED
JUL 10 2006
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims

No. 04-984 C

06-508 C

(Filed February 2, 2006)

* * * * * * * * * * * * * * * * * * * * *

KEITH DOHSE, *

*

*Plaintiff*, *

*

v. *

*

THE UNITED STATES, *

*

*Defendant*. *

* * * * * * * * * * * * * * * * * * * * *

**ORDER**

The court has before it the parties' Joint Status Report and Joint Motion to Transfer and Consolidate, both filed on January 31, 2006. The parties have requested that the court transfer and consolidate with the subject matter "a related appeal pending before the Postal Service Board of Contract Appeals, Appeal of Keith Dohse, PSBCA No. 5296, which was filed by plaintiff subsequent to the docketing of this case at the Court [of Federal Claims] in June 2004." Jt. Mot. at 1. In support of their motion, the parties indicate that "many of the facts, issues, and witnesses in the two cases overlap, and that it would be in the interest of justice to consolidate" the parallel proceedings before this court. *Id.*

The statutory authority for this court to transfer and consolidate related suits arising out of the same contract is codified at 41 U.S.C. § 609(d) (2000):

> (d) Consolidation
>
> If two or more suits arising from one contract are filed in the United States Court of Federal Claims and one or more agency boards, for the convenience of parties or witnesses or in the interest of justice, the United States

> Court of Federal Claims may order the consolidation of such suits in that court or transfer any suits to or among the agency boards involved.

*Id.* Both parties have requested transfer of plaintiff's PSBCA appeal to this court. Consolidated litigation in one forum will provide convenience to the parties and their witnesses, and thus falls within the ambit of Section 609(d).

In addition, the requested transfer and consolidation is in the interests of justice. The factors typically weighed by this court when considering transfer and consolidation of parallel proceedings in this court and the boards of contract appeals are:

> (1) Whether the disputes before the board and the court concern the same contract.
> (2) Whether the claims before the court and board duplicate claims or involve overlapping and related issues.
> (3) Whether plaintiff initially chose to appeal its claims before a court or a board.
> (4) Whether one forum or the other has already made significant progress on the claim.
> (5) Whether concurrent resolution would result in an inefficient allocation of court, board, and party resources.
> (6) Whether separate forums could reach inconsistent results when interpreting the same contract.

*See, e.g.*, *Giuliani Contracting Co. v. United States*, 21 Cl. Ct. 81, 83 (1990) (citations omitted). All of these factors weigh in favor of proceeding with consolidated litigation of related claims in this court.

In a conference call held by the court on January 11, 2006, the parties asserted that the PSBCA appeal arises out of the same contract or contracts at issue in the subject matter before the court, and that common issues predominate in both suits. Plaintiff sought relief from this court before going to the PSBCA. Although it is unclear how much progress has been made on PSBCA No. 5296, this court has already issued one opinion partially granting defendant's motion to dismiss.

Finally, having two fora consider plaintiff's claims would waste resources and could lead to inconsistent results.

Therefore, the court finds that transfer of PSBCA No. 5296 is appropriate. Upon review of the transferred suit, the court will order consolidation of that suit with the subject matter.

Accordingly, it is hereby **ORDERED** that:

(1) The Appeal of Keith Dohse, PSBCA No. 5296, shall be **TRANSFERRED** to the United States Court of Federal Claims and **ASSIGNED** to the undersigned;

(2) The parties shall **CONFER** and **FILE** a **Joint Status Report**, within **Fourteen Days** of the filing date in this court of the transferred suit, proposing a schedule for further proceedings in this matter and reporting on any related litigation or appeals[1]; and,

(3) The current **STAY** shall continue pending further order of the court.

Assign to ADR Hodges
NOS-114
Agency PS

s/Lynn J. Bush
LYNN J. BUSH
Judge

1/ The parties are reminded that in the court's Order of January 12, 2006, their January 31, 2006 status report was to include a "report on the status of any other litigation or appeal procedures related to the controversy before this court," and that no such information was provided in their January 31, 2006 filing.