**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **KEITH DOHSE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 06-508C** |
| **v.** | ) | |
| | ) | **(Judge Bush)** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S ANSWER**

As its answer to the complaint, defendant admits, denies, and avers as follows:

JURISDICTION OF THE COURT

1. The allegations contained in paragraph 1 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

PARTIES AND GENERAL ALLEGATIONS

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

3. Admits only the allegation contained in paragraph 3 that the Postal Service had a contractual relationship with Plaintiff. The remaining allegations contained in paragraph 3 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

4. Admits.

5. Admits the allegations contained in paragraph 5 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 5 are denied.

6. Admits.

7. Admits the allegations contained in paragraph 7 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 7 are denied.

8. Admits the allegations contained in paragraph 8 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 8 are denied.

9. Admits the allegations contained in paragraph 9 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 9 are denied.

10. Denies the allegations contained in the first sentence of paragraph 10. Denies the allegations contained in the second sentence of paragraph 10 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

11. Denies.

12. Denies.

13. Admits the allegation contained in the first sentence of paragraph 13 that Leslie R. Carpenter sent a letter to the plaintiff on or about March 20, 2003; admits the remaining allegations contained in the first sentence of paragraph 13 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the remaining allegations contained in the first sentence of paragraph 13 are denied. Admits the allegations contained in the second and third sentences of paragraph 13.

14. Admits.

15. Admits the allegation contained in the first sentence of paragraph 15 that Leslie R. Carpenter sent a letter to the plaintiff on or about May 9, 2003; admits the remaining allegations contained in the first sentence of paragraph 15 to the extent supported by the

document referenced, which is the best evidence of its contents; otherwise the remaining allegations contained in the first sentence of paragraph 15 are denied. Admits the allegations contained in the second sentence of paragraph 15 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in the second sentence of paragraph 15 are denied. Admits the allegations contained in the third sentence of paragraph 15.

16. Admits.

17. Admits the allegation contained in the first sentence of paragraph 17 that Russell A. Sykes sent a letter to the plaintiff on or about June 11, 2003; admits the remaining allegations contained in the first sentence of paragraph 17 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the remaining allegations contained in the first sentence of paragraph 17 are denied. Admits the allegations contained in the second sentence of paragraph 17.

18. Admits the allegations contained in the first sentence of paragraph 18. Admits the allegations contained in the second and third sentences of paragraph 18 to the extent supported by the documents referenced, which are the best evidence of their contents; otherwise the allegations contained in the second and third sentences of paragraph 18 are denied. The allegations contained in the fourth sentence of paragraph 18 constitute plaintiff's characterization of another action, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

19. Denies the allegations contained in paragraph 19 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

20. Admits the allegations contained in paragraph 20 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 20 are denied.

21. Admits the allegations contained in paragraph 21 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 21 are denied.

22. Admits the allegations contained in paragraph 22 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 22 are denied.

23. Admits the allegations contained in paragraph 23 to the extent supported by the documents referenced, which are the best evidence of their contents; otherwise the allegations contained in paragraph 23 are denied.

24. Admits the allegations contained in paragraph 24 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 24 are denied. Further answering, the underlying allegation that Defendant breached its contracts with Plaintiff constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied..

25. As to the consolidation request, refers the Court to Joint Status Report the parties filed September 15, 2006. Admits the remaining allegations contained in paragraph 24 to the extent supported by the documents referenced, which are the best evidence of their contents.

BREACH OF CONTRACT

26. Defendant incorporates by reference its responses to paragraphs 1 through 25 of the complaint.

27. Denies the allegations contained in the first sentence of paragraph 27. Denies the allegations contained in the second sentence of paragraph 27 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

28. Admits.

29. Denies the allegations contained in the first sentence of paragraph 29. Denies the allegations contained in the second sentence of paragraph 29 that the plaintiff "was not contacted [ ] as part of the [United States Postal Service's] alleged investigation, and he was not given an opportunity to present evidence to rebut the allegations made against him." Admits the remaining allegations contained in the second sentence of paragraph 29.

30. The allegations contained in paragraph 30 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

31. Denies the allegations contained in paragraph 31 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

32. The allegations contained in paragraph 32 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

33. The allegations contained in the first sentence of paragraph 33 are vague and ambiguous, precluding a response. To the extent a response is required, admits only that changes were made. As to the second sentence, admits the starting time was changed to a later

time, but denies the sorting time was decreased. Admits the third and fourth sentences. Denies the fifth sentence.

34. Paragraph 34 makes a number of legal conclusions to which no response is required. In addition, it characterizes portions of the contract, to which Respondent refers as the best evidence of its contents. To the extent the allegations contained in paragraph 34 may be deemed allegations of fact, they are denied..

35. Admits.

36. Admits the allegations contained in the first sentence of paragraph 36. Admits the remaining allegations contained in paragraph 36 to the extent supported by the documents referenced, which are the best evidence of their contents; otherwise those remaining allegations are denied.

37. Denies.

38. Admits the allegations contained in the first sentence of paragraph 38. The allegations in the second sentence constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations in the third sentence to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations in the third sentence are denied. Admits the fourth sentence. Admits the allegations in the fifth sentence to the extent supported by the document referenced, which is the best evidence of its contents.

39. Admits the allegations contained in the first sentence of paragraph 39. Denies the allegation in the second sentence that Plaintiff was told he had submitted the lowest offer for lack of knowledge or information sufficient to form a belief as to the truth of the allegation.

Admits the underlying allegation contained in the second sentence that Plaintiff's offer was the lowest offer. Admits the allegations contained in the third and fourth sentences.

40. Admits the allegations in the first sentence of paragraph 40, except as to when Plaintiff received the August 12, 2005 letter, which Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegation. Admits the remainder of paragraph 40 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the remaining allegations in paragraph 40 is denied.

41. Paragraph 41 contains a series of legal conclusions to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

## DAMAGES

42. Defendant incorporates by reference its responses to paragraphs 1 through 41 of the complaint.

43. The allegations contained in paragraph 43 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

44. The allegations contained in paragraph 44 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

45. The allegations contained in paragraph 45 constitute argument or conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

46. The allegations contained in paragraph 46 constitute argument or conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

47. The allegations contained in paragraph 47 constitute argument or conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

48. The allegations contained in paragraph 48 constitute argument, conclusions of law, or requests for relief to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

49. The allegations contained in paragraph 49 constitute argument, conclusions of law, or requests for relief to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

## REQUEST FOR RELIEF

50. Denies that plaintiff is entitled to the relief set forth in the Request For Relief immediately following paragraph 49 of the complaint, or to any relief whatsoever.

51. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that plaintiff's complaint be dismissed, and grant such other and further relief as the Court may deem just and proper.

AFFIRMATIVE DEFENSES

1. The portions of Plaintiff's complaint seeking money damages due to the Postal Service's decision to deny him access to the mails are barred by collateral estoppel.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

THOMAS J. MARSHALL
Managing Counsel
Civil Practice Section
United States Postal Service

/s/ Stephen D. Lobaugh
STEPHEN D. LOBAUGH
Civil Practice Section
United States Postal Service
475 L'Enfant Plaza, S.W.
Room 6333
Washington, D.C. 20260-1127
(202) 268-4089

Date: October 2, 2006