**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **KEITH DOHSE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 06-508C** |
| **v.** | ) | **(Judge Bush)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MOTION TO DISMISS IN PART

Pursuant to Rules 12(b)(1) and (b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant respectfully requests that the Court dismiss the complaint filed by plaintiff, Keith Dohse, for lack of subject matter jurisdiction and for failing to state a claim upon which relief can be granted. In support of this motion, we rely upon the complaint ("Comp.") and the following memorandum.

## MEMORANDUM

## STATEMENT OF ISSUES

1. Whether this Court possesses jurisdiction to issue an order awarding contracts to Plaintiff.

2. Whether Plaintiff's challenge of the contracting officer's decision not to renew a contract with Plaintiff states a claim upon which relief can be granted.

3. Whether, as a matter of law, Plaintiff may recover the damages he seeks for the termination for default, non-renewal, and non-award decisions made by the Postal Service.

4. Whether Plaintiff's monetary claim related to the Postal Service's decision to deny him access to the mails is barred by collateral estoppel in light of this Court's granting

Defendant's motion to dismiss that portion of Plaintiff's complaint in *Dohse v. United States*, 04-984C.

**STATEMENT OF THE CASE**

I. Nature of the Case

In his complaint, Plaintiff alleges numerous breaches of his contracts by the Postal Service, wrongful denial of access to the mails, wrongful termination for default of contract HCR 69362, wrongful failure to renew contract HCR 69384, and wrongful failure to award contract HCR 69364. As relief, Plaintiff seeks the full, four-year value of all three contracts, an order allowing him to perform all three contracts, and $48,333.00[1] for salaries he had to pay after the Postal Service denied him access to the mails.

II. Statement of Facts

1. On or about July 1, 2002, the plaintiff, Keith Dohse, began performing two contracts for the Postal Service for the delivery of mail to rural areas in northwestern Nebraska, near the town of Gordon, Nebraska. Comp. ¶¶ 4-6. These contracts are known as "highway contract routes" ("HCR"). *Id.* ¶ 4. Mr. Dohse's contracts were HCR 69384 and HCR 69362. *Id.*

2. HCR 69384 began on July 1, 2002, and was scheduled to end on June 30, 2005. *Id.* ¶ 5. HCR 69362 began on July 1, 2002, and was scheduled to end on June 30, 2006. *Id.* ¶ 7. Mr. Dohse received approximately $32,295.70 annually to perform HCR 69384, and $36,132.90 annually to perform HCR 69362. *Id.* ¶¶ 5-6.

3. On or about March 20, 2003, Mr. Dohse received a letter from Leslie R. Carpenter, Manager, Transportation Contracts, Western Area Distribution Network, Postal

[1] The complaint asserts numerous times that Plaintiff incurred $20,000 in salary expenses, Comp. ¶¶ 19, 31, 43, but the complaint's prayer for relief seeks for the first time, without explanation, $48,333.00.

Service (Denver, CO), informing Mr. Dohse that the Postal Service was temporarily denying him access to the mails and postal premises due to an investigation regarding alleged threats of violence by Mr. Dohse against Postal Service employees. *Id.* ¶ 13.

4. On or about May 9, 2003, Mr. Dohse received another letter from Mr. Carpenter, which informed him that, based upon an investigation, the Postal Service was permanently denying Mr. Dohse access to the mails and postal premises due to threats of violence by Mr. Dohse against Postal Service employees. *Id.* ¶ 15.

5. Mr. Dohse filed an administrative appeal of this decision, but on or about June 11, 2003, Russell Sykes, Manager, Surface Transportation Category Management Center, Postal Service (Washington, DC), sent a letter to Mr. Dohse denying his appeal of Mr. Carpenter's decision. *Id.* ¶ 17.

6. On or about June 14, 2005, contracting officer Bert Manchego sent Mr. Dohse a letter warning him that his performance on HCR 69362 was unsatisfactory and ordering him to correct the deficiencies within seven days by ceasing to delay the mail, commencing use of a yellow light at all times when delivering the mail, and following the administrative official's instructions. *Id.* ¶ 36.

7. On or about August 12, 2005, the Postal Service notified Mr. Dohse by letter from contracting officer Bert Manchego that it was terminating contract HCR 69362 effective August 15, 2005. *Id.* ¶¶ 20, 40. The Postal Service told Mr. Dohse it was terminating his contract because he had failed to observe the contract schedule, had failed to perform scanning duties accurately, had failed to communicate effectively with the administrative official, and had suffered nine deficiencies in six service days between June 14 and August 12, 2005. *Id.* ¶ 40.

8. Sometime prior to May 4, 2005, Mr. Dohse made a renewal offer on contract HCR 69384. *Id.* ¶ 38.

9. On or about June 20, 2005, contracting officer Bert Manchego notified Mr. Dohse by letter that the Postal Service would allow contract HCR 69384 to expire effective June 30, 2005. Mr. Manchego informed Mr. Dohse that he had decided not to renew contract HCR 69384 because Mr. Dohse could not be communicated with easily, he had failed to claim official mail addressed to him in a timely manner, his contract management was unsatisfactory, and he had been denied access to the mails based on a Postal Inspection Service investigative memorandum. *Id.*

10. Sometime in the winter or spring of 2005, Mr. Dohse bid on Postal Service contract HCR 69364, which was to begin on July 1, 2005. *Id.* ¶ 39.

11. On or about July 20, 2005, the Postal Service rejected Mr. Dohse's bid, citing its dissatisfaction with his performance on contracts HCR 69384 and 69362. *Id*.

12. Mr. Dohse appealed the Postal Service's decision to terminate contract HCR 69362 to the Postal Service Board of Contract Appeals ("PSBCA") on or about August 24, 2005, which was docketed as *Appeal of Keith Dohse*, PSBCA No. 5296. Mr. Dohse filed his complaint with the PSBCA on or about October 14, 2005. *Id.* ¶¶ 21-22.

13. Mr. Dohse appealed the Postal Service's decision to reject his bid on HCR 69364 to the Postal Service's Ombudsman. *Id.* ¶ 39.

14. On or about June 9, 2004, Mr. Dohse brought a direct action in this Court, alleging breach of contract by the Postal Service and seeking $20,000 in allegedly incurred damages and seeking unspecified future damages. *Dohse v. United States*, No. 04-984C, Comp. ¶¶ 18, 24, 27, 28.

15. By Order dated June 7, 2005, this Court dismissed the portions of Mr. Dohse's complaint relating to his breach of contract monetary claim for lack of subject matter jurisdiction.

16. By Order dated July 10, 2006, this Court transferred Mr. Dohse's PSBCA appeal to this Court as Case No. 06-508C; this Court consolidated Case No. 06-508C with Case No. 04-984C by Order dated August 30, 2006.

17. On or about August 24, 2005, Mr. Dohse filed an amended complaint in this Court in Case No. 06-508C alleging, among other things, breach of contract by the Postal Service. The complaint seeks $20,000 in allegedly incurred damages and unspecified future damages, *id.* ¶¶ 19, 31, 43; as-yet-undetermined damages for additional costs for mileage, denial of employee identification badges, and loss of employee work hours, *id.* ¶ 44; money damages for the alleged wrongful termination for default of contract HCR 69362, non-renewal of contract HCR 69384, and non-award of contract HCR 69364. *Id.* ¶ 46. The complaint further requests that this Court overrule the Postal Service's decisions to deny him access to the mails, terminate contract HCR 69362, not renew contract HCR 69384, and not award contract HCR 69364. Finally, the complaint asks that this Court order that he be "allowed to perform contractual services for each of the aforesaid contracts." *Id.* ¶ 49.

## ARGUMENT

I. Standard of Review

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." RCFC 12(h)(3). "Neither the parties nor the regulation writers can confer jurisdiction on the Court of Federal Claims." *James M. Ellett Constr. Co., Inc. v. United States*, 93 F.3d 1537, 1542 (Fed. Cir. 1996).

"Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." *Holly v. United States*, 124 F.3d 1462, 1465 (Fed. Cir. 1997) (citations omitted). In considering a motion to dismiss, the allegations of the complaint should be construed favorably to the pleader. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). However, "conclusory allegations unsupported by factual assertions will not withstand a motion to dismiss." *McCauley v. United States*, 38 Fed. Cl. 250, 262-63 (1997) (citation omitted). *Accord Bradley v. Chiron Corp.*, 136 F.3d 1317, 1322 (Fed. Cir. 1998) ("Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim."). "If a defendant challenges jurisdiction or plaintiff's claim for relief, however, the plaintiff cannot rely merely on allegations in the complaint, but must instead bring forth relevant competent proof to establish jurisdiction." *J. Cooper & Assoc., Inc. v. United States*, 47 Fed. Cl. 280, 283 (2000) (citations omitted). The plaintiff must establish jurisdiction by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

A motion to dismiss may be granted if "'it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Balboa Ins. Co. v. United States*, 3 Cl. Ct. 543, 545 (1983) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Although the Court must "accept[] all well-pleaded facts as true and draw[] all reasonable inferences in favor of the plaintiff," *Night Vision Corp. v. United States*, 68 Fed. Cl. 368, 378 (2005) (citing *Perez v. United States*, 156 F.3d 1366, 1370 (Fed. Cir. 1998), dismissal is appropriate "when 'the law countenances no remedy.'" *Night Vision Corp.*, 68 Fed. Cl. at 378 (quoting *Client Network Servs., Inc. v. United States*, 64 Fed. Cl. 784, 789 (2005)).

## II. The Court Should Dismiss the Portions of Plaintiff's Complaint Seeking an Order Allowing Plaintiff to Perform Contracts HCR 69384, 69362, and 69364 Because the Court's Equitable Jurisdiction Does Not Include the Authority to Award a Contract

Plaintiff seeks an order allowing him to perform contracts HCR 69384, 69362, and 69364. Comp. ¶ 49. Although the Court may award injunctive relief, 28 U.S.C. § 1491(b)(2), "[i]njunctive relief is an extraordinary remedy." *Dynacs Eng'g Co. v. United States*, 48 Fed. Cl. 614, 616 (2001) (citing *FMC Corp. v. United States*, 3 F.3d 424, 427 (Fed. Cir. 1993)). The Court's injunctive power is therefore limited, and "the equitable jurisdiction of this court does not include the authority to award a contract . . . ." *Durable Metals Prods., Inc. v. United States*, 27 Fed. Cl. 472, 476 (1993), *aff'd*, 11 F.3d 1071 (Fed. Cir. 1993) (table) (citing *Arrowhead Metals, Ltd. v. United States*, 8 Cl. Ct. 703, 711 (1985)). The Court, therefore, does not have jurisdiction to award Plaintiff the relief he seeks in paragraph 49 and should dismiss that portion of Plaintiff's complaint.

## III. The Court Should Dismiss the Portion of Plaintiff's Complaint Challenging the Postal Service's Decision Not to Renew Contract HCR 69384 Because the Postal Service Had the Right Not to Renew the Contract

The portion of Plaintiff's complaint seeking damages resulting from the Postal Service's decision not to renew contract HCR 69384, Comp. ¶ 46, fails to state a claim upon which relief can be granted, so it should be dismissed. RCFC 12(b)(6). Plaintiff does not allege that his contract entitled him to a renewal, but instead admits renewal required bilateral agreement; therefore, he may not recover damages for the Postal Service's decision not to renew his contract and the Court should dismiss that portion of his complaint.

Plaintiff's complaint admits that his contract required bilateral agreement to be renewed: he pleads that he submitted a "renewal *offer*" that he alleges was "accepted . . . *subject to final review of the contracting officer*." Comp. ¶ 38 (emphasis added). First, as a matter of law, an

offer that is still "subject to final review of the contracting officer" has not been "accepted" by the government. *Flexfab, L.L.C. v. United States*, 424 F.3d 1254, 1261 (Fed. Cir. 2005). Therefore, as pleaded in Plaintiff's complaint, although Plaintiff made a renewal offer to the Postal Service, the contracting officer "made the decision not to renew the contract." Comp. ¶ 38. As this Court has held, "An option contract generally binds the option giver, not the option holder." *Cont'l Collection & Disposal v. United States*, 29 Fed. Cl. 644, 650 (1993); *see also Mktg. and Mgmt. Info., Inc. v. United States*, 62 Fed. Cl. 126, 130 (2004) ("[W]here a contract is renewable solely at the option of the government, the government is under no obligation to exercise the option."). A government decision not to renew a contract does not entitle a plaintiff to damages for breach of contract. *Dangfeng Shen Ho v. United States*, 49 Fed. Cl. 96, 103 (2001) (and cases cited therein); *see Cont'l Collection & Disposal, Inc.*, 29 Fed. Cl. at 652 ("The duty of a contracting officer to accord a contractor fair treatment creates no binding obligation to exercise an option to extend a contract for additional years."). Plaintiff's claim, in paragraphs 38 and 46(b) of the complaint, that the Postal Service breached the contract by choosing not to renew contract HCR 69384 should therefore be dismissed because the law allows no remedy for a government non-renewal decision under the circumstances pleaded in Plaintiff's complaint.

## IV. The Court Should Dismiss the Portion of Plaintiff's Complaint Seeking the Full, Four-Year Value of Contracts HCR 69384, 69362, and 69364 Because Plaintiff is Not Entitled to Compensation for Work He Did Not Perform

Plaintiff is not entitled to money for work he did not perform. *See SAB Constr., Inc. v. United States*, 66 Fed. Cl. 77, 92 (2005) (denying plaintiff restitution because "paying [plaintiff] for services it did not perform would result in a windfall"). Plaintiff does not allege he performed work for the Postal Service; rather, he makes the conclusory assertion that he is entitled to the full, four-year value of contracts HCR 69384, 69362, and 69364. Comp. ¶ 46(b).

And as this Court has held, "conclusory allegations unsupported by factual assertions will not withstand a motion to dismiss." *McCauley v. United States*, 38 Fed. Cl. 250, 262-63 (1997) (citation omitted). Particularly as to contract HCR 69364, which is a bid-protest, "any monetary relief shall be limited to bid preparation and proposal costs." 28 U.S.C. § 1491(b)(2); *PGBA, LLC v. United States*, 60 Fed. Cl. 196, 223 (2004) (noting the court's "authority to grant a limited award of money damages where appropriate," as "specified in 28 U.S.C. § 1491(b)(2)"). Consequently, in the absence of any pleaded basis for the monetary damages to which Plaintiff claims entitlement, Plaintiff may not as a matter of law pursue what would amount to an improper windfall. The Court, therefore, should dismiss Plaintiff's claim for the full, four-year value of contracts HCR 69384, 69362, and 69364 for failure to state a claim upon which relief can be granted.

V. Plaintiff's Complaint Seeking Money Damages Due to the Postal Service's Decision to Deny Him Access to the Mails is Barred by Collateral Estoppel

Plaintiff's complaint restates, verbatim, the claim for money damages related to the Postal Service's decision to deny Plaintiff access to the mails that this Court dismissed for lack of subject matter decision in *Keith Dohse v. United States*, No. 04-984C. *Compare* Comp. ¶¶ 19, 31, 43, 44 *with Dohse v. United States*, Case No. 04-984C, Comp. ¶¶ 18, 24, 27, 28. Plaintiff may not relitigate that issue. *Montana v. United States*, 440 U.S. 147, 153-55 (1979); *Banner v. United States*, 238 F.3d 1348, 1354 (Fed. Cir. 2001); *see* 18 Charles Alan Wright et al., Federal Practice and Procedure § 4436 (1981) ("Although a dismissal for lack of jurisdiction does not bar a second action as a matter of claim preclusion, it does preclude relitigation of the issues determined in ruling on the jurisdiction question. . . . The provision in Rule 41(b) that dismissal for lack of jurisdiction does not operate as an adjudication on the merits is not intended to change

this result."). The Court, therefore, should dismiss Plaintiff's claim for money damages related to his denial of access to the mails.

## CONCLUSION

For the foregoing reasons, the Court lacks jurisdiction to consider the portions of Plaintiff's complaint seeking an order allowing Plaintiff to perform contracts HCR 69384, 69362, and 69364. The portion of Plaintiff's complaint challenging the Postal Service's decision not to renew contract HCR 69384 fails to state a claim upon which relief can be granted. The damages Plaintiff requests for the termination, non-renewal, and non-award of contracts HCR 69362, 69384, and 69364, respectively, are unavailable as a matter of law. Finally, Plaintiff's claim for money damages related to his denial of access to the mails is barred by collateral estoppel. Accordingly, we respectively request that the Court grant our Motion to Dismiss in Part.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

THOMAS J. MARSHALL
Managing Counsel
Civil Practice Section
United States Postal Service

/s/ Stephen D. Lobaugh
STEPHEN D. LOBAUGH
Civil Practice Section
United States Postal Service
475 L'Enfant Plaza, S.W., Room 6333
Washington, D.C. 20260-1127
(202) 268-4089

Date: October 2, 2006